IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br>WALSH CONSTRUCTION COMPANY,<br>for Exoneration from or Limitation of<br>Liability (Barge KS 5501),<br><br>    Plaintiff-Petitioner. | Case No. 4:14-cv-473<br><br>In Admiralty |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW Plaintiff Walsh Construction Company ("Walsh"), by and through its undersigned attorneys, and respectfully states as follows:

1. This action arises under the laws of the United States providing for exoneration from or limitation of vessel owners' liability, 46 U.S.C. §§ 30501-30512, as applicable, and the various statutes, rules, and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

2. Venue is proper in this Court under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims because Walsh has been sued by James McWorthey in this District and that is the claim for which Walsh seeks limitation or exoneration herein.

3. At all material times, Plaintiff Walsh was the owner *pro hac vice* of Barge KS 5501 within the meaning of 46 U.S.C. § 30505.

4. At all material times, Plaintiff Walsh used due diligence to make Barge KS 5501 seaworthy, and it was, at the time of the incident described herein, tight, staunch, and strong and in all respects seaworthy and fit for the service in which it was engaged.

5. On July 24, 2013, Barge KS 5501 was afloat on the Ohio River between Madison, Indiana, and Milton, Kentucky. James McWorthey, an employee of Omega Demolition

Corporation ("Omega"), was working for Omega on Barge KS 5501 when he allegedly suffered injuries.

6. On September 16, 2013, Plaintiff Walsh was served with Mr. McWorthey's Petition for Damages that was filed in the Circuit Court of St. Louis County, Missouri.

7. The aforementioned incident and any resulting damage occurred either as a result of factors for which Plaintiff Walsh is not responsible, or were caused by or were contributed to be caused by acts or omissions of which Plaintiff Walsh lacked any privity or knowledge.

8. Barge KS 5501 has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident. Plaintiff Walsh has not, to its knowledge, been sued in any federal district court as a result of said incident.

9. On July 24, 2013, the date of the incident which gave rise to this exoneration and limitation of liability action, the value of Barge KS 5501 did not exceed Three Hundred Twenty Five Thousand and No/100 Dollars ($325,000.00). *See* Affidavit of James Pritchard, attached hereto as Exhibit A. There was no freight then pending at the time of said incident. *See* Affidavit of Charles Gannon, attached hereto as Exhibit B. Therefore, the entire value of the interest of Plaintiff Walsh in Barge KS 5501 at the time of the aforementioned incident did not exceed the total sum of Three Hundred Twenty Five Thousand and No/100 Dollars ($325,000.00).

10. Security for the value of Barge KS 5501 and its freight then pending is provided by the Letter of Undertaking attached hereto as Exhibit C.

11. Plaintiff Walsh claims and seeks exoneration from or limitation of liability for any loss, damages, or injury occasioned or incurred by reason of the aforementioned incident, and for any and all claims relating thereto, and Plaintiff alleges that it has valid defenses thereto on the

facts and on the law, and to that end, Plaintiff is ready and willing to proceed according to law and pursuant to the rules and practices of this Honorable Court.

12. All and singular, the premises are true and are exclusively within the Admiralty and Maritime Jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays that:

(a) This Honorable Court enter an Order approving the Stipulation for Costs in the amount of $1,000.00;

(b) This Honorable Court enter an Order approving the Security for Value in the form of a Letter of Undertaking in the amount of Three Hundred Twenty Five Thousand and No/100 Dollars ($325,000.00);

(c) Upon the filing of the foregoing, this Court issue an injunction restraining the commencement or prosecution of any and all actions, suits, or legal proceedings of any kind against Plaintiff Walsh, Plaintiff Walsh's agents or representatives, any person for whom Plaintiff Walsh is or may be responsible, Plaintiff Walsh's underwriters, Barge KS 5501, and/or any other property owned by Plaintiff Walsh, arising from or relating to the incident recited in the above and foregoing Complaint other than in these proceedings;

(d) The Court issue a notice to all persons, firms, and corporations having or alleging to have claims by reason of the incident recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by this Court and as specified in the notice or to be forever barred and permanently enjoined from making and filing any such claims; and to answer, all and singular, the allegations of this Complaint;

(e) The Court adjudge Plaintiff Walsh not liable for any damages, demands, or claims whatsoever in consequence of or arising out of or connected with the incident recited above and in this Complaint; or limit its liability, if any, to the value of Barge KS 5501.

(f) The Court grant Plaintiff Walsh such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Theodore H. Lucas
Ronald E. Fox, #29487MO
Theodore H. Lucas, #38740MO
Jeremy T. Staley, #66254MO
FOX GALVIN, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)
rfox@foxgalvin.com
tlucas@foxgalvin.com
jstaley@foxgalvin.com

Attorneys for Plaintiff
Walsh Construction Company